Uwamie **TOMIYASU** et al., Appellants,

v.

Richard **GOLDEN** et al., Appellees.

No. 20175.

United States Court of Appeals
Ninth Circuit.

March 30, 1966.

Harry E. Claiborne, Las Vegas, Nev., for appellants.

Howard Babcock, of Babcock & Sutton, Las Vegas, Nev., for appellees.

Before MADDEN, Judge of the Court of Claims, and HAMLEY and KOELSCH, Circuit Judges.

MADDEN, Judge:

Appellants challenge the validity, under the due process clause of the Fourteenth Amendment of the United States Constitution, of a foreclosure sale under a deed of trust, and of the trustee's deed issued to the purchasers at the sale, appellees herein. Specifically, appellants contend the sale and trustee's deed issued pursuant to it deprived them of property without due process of law because they were not given notice of default under the deed of trust or of the foreclosure proceedings and sale. Jurisdiction of the district court was based on diversity of citizenship, 28 U.S.C. § 1332, and on the federal question noted above, 28 U.S.C. § 1331.

The property involved in this case is an eighty acre tract of land in Clark County, Nevada, which at the time of the foreclosure sale in 1962 was owned in undivided thirds by appellants and their father as tenants in common. The land was encumbered by a first deed of trust in the amount of approximately $39,000. In 1959 a second deed of trust encumbering the land was executed by appellants' father to secure an additional indebtedness of approximately $18,000. This second deed of trust was executed on behalf of appellants by the father under powers of attorney which he held from each of them.

The indebtedness secured by the second deed of trust fell into default, and under its terms the trustee was directed by the creditor to sell the property at public auction. Various attempts by the father to refinance the property failed, and appellees bought in the property at the foreclosure sale, subject to the outstanding first deed of trust, for one dollar more than the amount owing on the obligation in default. The property at the time of the sale is alleged to have been worth more than $200,000.

An action in the name of the three Tomiyasus as plaintiffs was thereafter filed against appellees in a Nevada state district court, seeking to set aside the trustee's sale and to cancel and annul the trustee's deed on the grounds of gross inadequacy of price and numerous alleged irregularities in the foreclosure proceedings. Following trial, the state district court entered judgment in favor of the plaintiffs. Appellees appealed from that judgment to the Supreme Court of Nevada, which, finding no irregularities in the sale, and inadequacy of price alone insufficient basis for voiding the sale, reversed the judgment of the lower court and denied all relief.

Thereafter a second action naming the three Tomiyasus as plaintiffs was filed against the appellees and six additional defendants in a Nevada State District Court alleging substantially the same cause of action as had been asserted in

the prior state court case. Appellees, as defendants in the second state court action, moved for summary judgment on the ground that the former judgment was a bar to the second suit under the doctrine of res judicata. The trial court granted appellees' motion and entered summary judgment in their favor.[1] On appeal in the second state action the Supreme Court of Nevada affirmed. The United States Supreme Court denied certiorari. Tomiyasu v. Golden, 382 U.S. 844, 86 S.Ct. 89, 15 L.Ed.2d 85 (U.S. Oct. 11, 1965).

On July 21, 1964, the two appellants in our instant case, without their father as a party, filed the present action in the United States District Court for the District of Nevada, again asking that the trustee's sale of the property in question be set aside. In this action appellants base their claim for relief upon the ground that the sale of the property without notice to them violated the due process clause of the Fourteenth Amendment. Appellees again raised the bar of res judicata on the basis of the judgment in the original state court action, and on this ground the district court granted appellees' motion for summary judgment. Appeal to this court followed.

█ If this case involved only the applicability of the doctrine of res judicata, we would not hesitate to affirm the decision of the district court. The issue of notice was raised in the first state court action. Though the issue as presented there was limited to questions of compliance with the statutory requirements of Nevada law, there appears to be no reason why the constitutional issues pressed here could not also have been raised in that suit. Appellants' contention that a federal right has been violated rests on the allegation that the Nevada statute providing for foreclosure sales under deeds of trusts, as applied to appellants, deprived them of their property without no-

tice and a fair hearing. This is precisely the basis upon which recovery was sought under state law in the state courts. By merely failing to raise the constitutional issue in the state action, appellants could not preserve for themselves the right to enter a federal court at a later date upon the same facts, alleging the same wrong, and seeking the same recovery, simply because they present a new theory of relief based upon the Constitution. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); American Surety Co. v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932). If appellants have had one chance to litigate the issues they now raise here, they have had the process which the state owes them and the Constitution secures to them.

Appellants, however, raise an unusual objection to the applicability to them of res judicata in this case. Despite the fact that they were plaintiffs of record in the prior state proceeding relied upon by appellees as res judicata in the instant action, and counsel of record in that proceeding is the same counsel who represents them in this action, appellants contend that they were not party litigants in the prior state court suit. By affidavit in this action appellant Uwami Tomiyasu states that she was not informed about or consulted with concerning the institution or prosecution of any prior action, and that she did not participate in any of the prior proceeding, either in person or by an attorney. She swears that her name as a party plaintiff was included without her consent, notification or knowledge—by the very counsel representing her now. She swears that to her knowledge the reason for this conduct on the part of her present attorney was to prevent the complaint of the real plaintiff in the prior action, her father, from being subject to dismissal for failure to join necessary or indispensable parties. No such affidavit was submitted by the other appellant herein, Kiyo Tomiyasu,

1. The first state court decision, relied upon by appellees as res judicata in the second state action and in the instant case, is reported at 79 Nev. 503, 387 P.2d 989 (1963). The decision of the Nevada Supreme Court in the second Tomiyasu case is reported at 81 Nev. ——, 400 P.2d 415 (1965).

but it is asserted that he suffered the same unauthorized appropriation of his name as did his sister.

■ The circumstances of this claim are unusual, to say the least. But the claim does raise a genuine issue of fact which we do not think the district court was entitled to ignore. If the contention that appellants were not parties to the prior state court action is true, and for the purposes of reviewing the summary judgment below we must assume that it is true, then it would appear that these appellants have not had their day in court and should not be barred by a plea of res judicata from attacking the judgment of the Nevada court insofar as that judgment purports to affect their interest in the property involved. In the first instance, then, the court below erred in disposing of this cause upon appellees' motion for summary judgment.

■ Further, however, we think that in the unusual circumstances of this case the district court, in the proper exercise of its discretion, should have refused to exercise its jurisdiction and abstained. While only exceptional circumstances warrant withholding from petitioners the benefits of the jurisdiction of the federal courts where that jurisdiction has been properly invoked, the circumstances of this case and a due regard for the peculiarly intimate relationship of those circumstances to the procedures of the Nevada courts dictate such abstention here. Whatever merit there is in appellants' contention regarding their presence

in the prior state court action should be determined by the courts of Nevada.

■ In Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1939), the Supreme Court recognized that in some exceptional circumstances difficult and unanswered questions of state law should be deferred to state forums, and in that case directed a federal district court sitting in bankruptcy to submit to state courts unsettled questions of state property law pending in the federal action. The difficult nature of local questions properly presented in federal courts is not, however, alone sufficient cause for abstention in favor of state jurisdiction, and the Supreme Court has required "some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred, which would in exceptional cases warrant its non-exercise." Meredith v. City of Winter Haven, 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9 (1943).[2] While the court in Meredith emphasized that abstention is warranted only in exceptional circumstances, which it found wanting in the case before it, it indicated that interference with the policies of state courts is a relevant consideration in the application of the abstention doctrine. Meredith v. City of Winter Haven, supra at 237.

■ What these appellants charge is, in effect, that through misuse of the process of the courts of Nevada, those courts have been misled, throughout the course of two separate proceedings which went through the trial courts to the high-

2. Thus, it is recognized policy for the federal courts to refuse to intervene in state criminal prosecutions except under extraordinary circumstances. Beal v. Missouri Pacific Railroad Co., 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577 (1941). Similarly, in civil actions federal courts, adhering to a policy of avoiding unnecessary decision of constitutional questions and of affording state courts the first opportunity to interpret state law, may abstain in cases where their jurisdiction has been invoked to resolve constitutional issues which depend in part upon a prior determination of

what state law is. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). So also may the policy of avoiding unnecessary friction with the domestic policies of the state lead to abstention where federal courts are asked to intervene in and appraise a state's procedures for regulating public utilities, Central Kentucky Gas Co. v. Railroad Commission, 290 U.S. 264, 54 S.Ct. 154, 78 L.Ed. 307 (1933), or a complex administrative scheme of a state, Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

est court of the state, as to the parties to those cases. Appellants ask the federal courts to uncover the alleged mistake of the Nevada courts and treat their judgments as nullities on the basis of circumstances which those courts did not, and could not, have considered. In the absence of a need to protect some overriding federal interest, not present here, we think that the exercise of jurisdiction in this case would constitute an unwarranted intermeddling in the procedures of the Nevada courts. Due regard for the integrity of the process of the state courts requires that litigants seeking to attack collaterally the judgment of a state court, in an action which the face of the record shows that their present counsel instigated, should take such a claim before the court whose judgment is challenged. See Prudential Ins. Co. of America v. Zimmerer, 66 F.Supp. 492 (D.C.D.Neb.1946).

Several additional considerations support our conclusion that the federal jurisdiction should not be exercised in the circumstances of this case. Preliminary to the question whether appellants were parties to the prior state action lies a second question of strictly state law: namely, whether the general power of attorney which appellants had given their father prior to the execution of the deed of trust and still in force at the time when the litigation here attacked was carried on, authorized the father to make appellants parties plaintiff with him in the litigation in the state courts. This question was never reached as the prior cases proceeded through the state courts, and abstention here would leave the question where it can be answered most authoritatively. Further, if appellants' contention is correct and their names were used in prior actions without their knowledge or consent in order to secure the jurisdiction of the Nevada courts, it would seem that some misuse of the process of those courts—whether culpable or not we do not consider—has occurred, and the Nevada courts should have the

opportunity to consider the implications of such a misuse. While these additional considerations would not themselves warrant the abstention of a federal court sitting in a diversity case, they add weight to our conclusion that in the circumstances of this case the issue appellants raise should be left to those preeminently competent to answer it.

■ Where in the exercise of its discretion the district court has determined it proper to withhold federal jurisdiction and abstain, it may dismiss the action entirely or retain jurisdiction pending litigation in the state courts. Jurisdiction has been retained where the court felt it necessary to protect constitutional interests which might be jeopardized by a state court determination of local issues. Railroad Commission of Texas v. Pullman Co., supra. Compare Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951). Jurisdiction has also been retained where nonconstitutional federal issues remain to be decided following intermediate determination of local issues by state courts, Thompson v. Magnolia Petroleum Co., supra, or where retention is necessary to insure prompt prosecution of the state court action. Prudential Ins. Co. of America v. Zimmerer, supra.

In the instant case, however, no federal interest requires retention of jurisdiction. If subsequent litigation in the courts of Nevada determines that appellants were not parties to the prior state actions, the matter in controversy here would be at an end. If a state determination to the contrary were to raise new federal constitutional questions, review in the state courts and, ultimately, by the Supreme Court of the United States is open to appellants.

The case is remanded with instructions to dismiss without prejudice to appellants' right to seek a determination on the merits in the state courts.