**WILKE & HOLZHEISER, INC.,**
Plaintiff,

v.

**James O. REIMEL, Director of the Department of Alcoholic Beverage Control of the State of California, and the Department of Alcoholic Beverage Control of the State of California, Defendants.**

Civ. No. 46228.

United States District Court
N. D. California.

March 8, 1967.

Herbert A. Leland, of Cerf, Robinson & Leland, San Francisco, Cal., for plaintiff.

Thomas C. Lynch, Atty. Gen., and L. Stephen Porter, Deputy Atty. Gen., San Francisco, Cal., for defendants.

Before DUNIWAY, Circuit Judge, and WEIGEL and PECKHAM, District Judges.

### Hearing on Defendants' Motion to Dismiss Plaintiff's Complaint for Injunction

PECKHAM, District Judge:

On December 30, 1966, in the District Court for the Northern District of California, a temporary restraining order was issued and a three-judge District Court was convened to hear plaintiff's complaint for temporary and permanent injunctive relief under the provisions of sections 2281 and 2284 of Title 28, United States Code.

Plaintiff alleges in its verified complaint that its off-sale general liquor licenses, Numbers 21 3458 and 21 7309, were revoked in violation of its rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. Specifically, it seeks a judgment restraining and enjoining defendants from enforcing this revocation of its liquor licenses upon the ground of the unconstitutionality of the Alcoholic Beverage Control Act of the State of California, and, in particular, of former Section 24755 of the Business and Professions Code of the State of California, and also upon the ground of the unconstitutionality of the acts of defendants in revoking its liquor licenses pursuant to the above Act.

Previously, in four California State administrative proceedings, the Department of Alcoholic Beverage Control had suspended or revoked the licenses of plaintiff's San Francisco liquor stores. In these administrative proceedings the Department found that plaintiff had sold distilled spirits in violation of the mandatory retail price maintenance provisions of the Alcoholic Beverage Control Act. Cal.Bus. & Prof.Code §§ 24749–24757. Plaintiff then sought judicial review in the Superior Court of the State of California. The trial court decided against plaintiff.

Plaintiff then appealed to the State Court of Appeal. The Court of Appeal affirmed the action of the trial court and upheld the statute and the Department's actions under the California Constitution. Wilke & Holzheiser, Inc. v. Department of Alcoholic Beverage Control, 237 A.C.A. 77, 47 Cal.Rptr. 146 (1965).

Thereafter, the Supreme Court of the State of California granted a hearing. On December 1, 1966, the California Supreme Court issued its order affirming the Court of Appeal and rendered its opinion as found in 65 A.C. 385, 55 Cal. Rptr. 23, 420 P.2d 735 (1966). On December 28, 1966, a petition for rehearing was denied. Throughout these state appellate proceeding plaintiff has taken the position that it has relied on the provisions of the Constitution of the State of California and that it was reserving its challenges under the Federal Constitution for disposition in the United States District Court.

In its opening brief, dated November 17, 1964, in the Court of Appeal, plaintiff stated at page 38 that:

"Appellant [plaintiff] in respect for the admonition in England v. Louisiana State Board of Medical Examiners [375 U.S. 411, 84 S.Ct. 461], 11 L.Ed. 2d 440, informs this Honorable Court that it is exposing its federal claims in this respect only for the purpose of complying with Government [and Civic] Employees v. Windsor, 353 U.S. 364 [77 S.Ct. 838], 1 L.Ed.2d 894. Appellant intends that should it be held against it in these proceedings on the question of State law, to seek disposition of its federal contentions in the United States District Court."

In this proceeding, defendants moved to dissolve the temporary restraining order and dismiss the action. The grounds alleged are that the complaint fails to state a claim against the defendants upon which relief can be granted, and that the Court lacks jurisdiction over the subject matter. We do not reach the question of jurisdiction.

■ This Court has fully considered the motion in light of the entire record, oral argument and memoranda submitted by counsel. The three-judge Court is of the opinion that the defendants' motion to dismiss the action without leave to amend should be granted and that the temporary restraining order should be dissolved. Plaintiff is barred by res judicata. Once a litigant freely chooses a state forum and is there afforded a full and fair opportunity to present its federal claims, the consequent state judgment operates as a bar, in the nature of res judicata, to a further proceeding here. See Grubb v. Public Utilities Commission, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972 (1930); Tomiyasu v. Golden, 358 F.2d 651 (9th Cir. 1966); Chirillo v. Lehman, 38 F.Supp. 65 (S.D.N.Y.1940), aff'd, 312 U.S. 662, 61 S.Ct. 741, 85 L.Ed. 1108 (1941); Camacho v. Rogers, 199 F.Supp. 155 (S.D.N.Y.1961). These views are in accord with the opinion in Dave's Market, Inc. v. Harris, Civil No. 41103, N.D.Cal., May 10, 1965. In the present case plaintiff voluntarily sought judicial review of the administrative decision. In that Superior Court proceeding plaintiff was afforded a full opportunity to raise the same federal constitutional questions it asserts here. Plaintiff does not claim that it did not litigate these issues in that court. Having thus had the opportunity to litigate its federal claims, plaintiff is barred by the principles of res judicata.

■ Plaintiff asserts, however, that it expressly reserved its federal constitutional challenges from determination by the State appellate proceedings and that there is no mention of, nor reliance upon, the federal constitutional grounds in the opinions of the appellate courts of California. From this plaintiff argues that the validity of the Alcoholic Beverage Control Act under the federal constitution has not been determined and that therefore, as to that challenge, the state judgment is not res judicata. We feel this argument is not sound. "A judgment upon the merits in a state court action is res judicata in a subsequent federal court action where the parties and the subject matter are the same. This is true not only with regard to matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end." Moses Lake Homes, Inc. v. Grant County, 276 F.2d 836, 844 (9th Cir. 1960); see also Grubb v. Public Utilities Commission, supra; Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); West Virginia Motor Truck Ass'n v. Public Service Commission, 123 F.Supp. 206 (S.D.W.Va.1954), aff'd, 348 U.S. 881, 75 S.Ct. 125, 99 L.Ed. 693 (1954).

■ Plaintiff's remedy after the final judgment of the state courts was that of appeal or petition for certiorari to the United States Supreme Court. In these circumstances a collateral attack against a state court judgment by way of an equitable relief action does not lie in a United States District Court. Rooker v. Fidelity Trust Company, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Furnish v. Board of Medical Examiners, 257 F.2d 520 (9th Cir. 1958), cert. denied 358 U.S. 882, 79 S.Ct. 123, 3 L.Ed.2d 111 (1958). As the Supreme Court stated in *Grubb,* supra, 281 U.S. at 478–479, 50 S.Ct. at 378:

"The thing presented for adjudication in the case in the state court was the validity of the order, and it was incumbent on the appellant to present in support of his asserted right of attack every available ground of which he had knowledge. He was not at liberty to prosecute that right by piecemeal, as by presenting a part only of the available grounds and reserving others for another suit, if failing that." (Cases cited.)

Plaintiff's attempt to ground this action on England v. Louisiana Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), is without merit. That case involved the situation where a litigant, having elected to proceed in the Federal District Court, is forced by that court to litigate first in the State Court because the District

Court has invoked the abstention doctrine. The *England* case prescribes the mechanics which a litigant must follow in order to preserve his right to return to the District Court. This is not such a case.

██ Plaintiff argues that it would have been an idle act for it to have come to the District Court before proceeding in the State courts because the District Court would have invoked the abstention doctrine and sent plaintiff back to the State courts for determination of the State issues before returning to this Court. However, the exercise by a District Court of the abstention doctrine is not automatic nor can it always be assumed. Doud v. Hodge, 350 U.S. 485, 76 S.Ct. 491, 100 L.Ed. 577 (1956); Florida Lime and Avocado Growers, Inc. v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed. 2d 568 (1960); Telephone News System, Inc. v. Illinois Bell Telephone Co., 220 F.Supp. 621 (N.D.Ill.1963), aff'd, 376 U.S. 782, 84 S.Ct. 1134, 12 L.Ed.2d 83 (1964). The doctrine of abstention is an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it. It involves a discretionary exercise of the Court's equity powers and is generally not invoked, except under special circumstances. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964). Compare Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951); Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Plaintiff cannot escape the res judicata effect of the state proceedings by speculation as to what this court might have done if plaintiff had come here in the first place.

Accordingly, we hereby refer this matter back to the District Court which convened the three-judge court for judgment and order in accordance with this opinion. We need not consider defendants' other grounds urged in support of their motion.