**FRANCISCO ENTERPRISES, INC., a corporation, Plaintiff-Appellant,**

v.

**Edward J. KIRBY, et al., Defendants-Appellees.**

No. 71–1813.

United States Court of Appeals, Ninth Circuit.

July 19, 1973.

Rehearing Denied Aug. 20, 1973.

**482**

David E. Personen (argued), of Garry, Dreyfus, McTernan & Brotsky, San Francisco, Cal., for plaintiff-appellant.

Charlton G. Hollano, Deputy Atty. Gen. (argued), Evelle J. Younger, Atty. Gen., L. Stephen Porter, Deputy Atty. Gen., San Francisco, Cal., for defendants-appellees.

Before HAMLIN and ELY, Circuit Judges, and KELLEHER,* District Judge.

HAMLIN, Circuit Judge:

Francisco Enterprises, Inc., appellant herein, appeals from an order of the United States District Court for the Northern District of California, dismissing its action for injunctive relief brought against officers of the California Department of Alcoholic Beverage Control, appellees herein. Our jurisdiction is predicated upon 28 U.S.C. §§ 1291 and 1292. We affirm the district court's conclusion that the finality principles of res judicata precluded its review of appellant's complaint.

Until October 1, 1970, appellant was a corporate on-sale general public premises licensee of the California Department of Alcoholic Beverage Control, in the city and county of San Francisco, and as such exercised the privileges of selling alcoholic beverages at retail consumption on its licensed premises.

On June 8, 1967, an accusation was filed with the California Department of Alcoholic Beverage Control (hereinafter the Department) against appellant's alcoholic beverage license.

The accusation, pled in two counts, alleged in substance that continuance of appellant's alcoholic beverage license would be contrary to public welfare and morals, within the meaning of Article XX, Section 22, of the California Constitution, and sections 24200(a), 24200(b) and 25601 of the California Alcoholic Beverage Control Act (Div. 9, Cal. Business and Professions Code).[1] The accu-

---

* Honorable Robert J. Kelleher, United States District Judge, Los Angeles, California, sitting by designation.

1. Article XX, section 22, California Constitution, provides in part:

"The State of California, subject to the internal revenue laws of the United States, shall have the exclusive right and power to license and regulate the manufacture, sale, purchase, possession and transportation of alcoholic beverages within the State, and subject to the laws of the United States regulating commerce between foreign nations and among the states shall have the exclusive right and power to regulate the importation into and exportation from the State, of alcoholic beverages. In the exercise of these rights and powers, the Legislature shall not constitute the State or any agency thereof a manufacturer or seller of alcoholic beverages.

"All alcoholic beverages may be bought, sold, served, consumed and otherwise disposed of in premises which shall be licensed as provided by the Legislature. In providing for the licensing of premises, the Legislature may provide for the issuance of, among other licenses, licenses for the following types of premises where the alcoholic beverages specified in the licenses may be sold and served for consumption upon the premises:

(a) For bona fide public eating places, as defined by the Legislature.

(b) For public premises in which food shall not be sold or served as in a bona fide public eating place, but upon which premises the Legislature may permit the sale or service of food products incidental to the sale and service of alcoholic beverages. No person under the

sation alleged that appellant "did permit, allow and suffer the * * * [licensed premises] to be used as a disorderly house and a place to which people resorted for purposes injurious to the public mind, health, convenience and safety * * *."

Count I of the accusation was pled in eleven subcounts, and alleged that on various respective dates between September 1, 1966, and June 1, 1967, certain activities described in the accusation had occurred on appellant's licensed premises.

Count II alleged that on April 26, 1967, appellant's president had in his possession, for sale or distribution, two named objects, conduct claimed to be contrary to public welfare or morals.

On September 18 and 19, 1967, and May 27, 1968, hearings were held on the accusation before the Department's hearing officer. On July 11, 1968, the hearing officer submitted a proposed decision which found the allegations of the accusation to be true, and which provided for revocation of appellant's alcoholic beverages license on Count I, and a 30-day suspension of the license on Count II.

On July 18, 1968, the Department adopted the proposed decision.

Appellant appealed the Department's decision to the California Alcoholic Beverage Control Appeals Board (hereinafter Appeals Board), the appellant tribunal established by Article XX, Section

age of 21 years shall be permitted to enter and remain in any such premises without lawful business therein.

(c) For public premises for the sale and service of beers alone.

(d) Under such conditions as the Legislature may impose, for railroad dining or club cars, passenger ships, common carriers by air, and bona fide clubs after such clubs have been lawfully operated for not less than one year.

&ast;   &ast;   &ast;   &ast;   &ast;

"The Department of Alcoholic Beverage Control shall have the exclusive power, except as herein provided and in accordance with laws enacted by the Legislature, to license the manufacture, importation and sale of alcoholic beverages in this State, and to collect license fees or occupation taxes on account thereof. The department shall have the power, in its discretion, to deny, suspend or revoke any specific alcoholic beverages license if it shall determine for good cause that the granting or continuance of such license would be contrary to public welfare or morals, or that a person seeking or holding a license has violated any law prohibiting conduct involving moral turpitude. It shall be unlawful for any person other than a licensee of said department to manufacture, import or sell alcoholic beverages in this State."

California Business and Professions Code, sections 24200(a)(b), provide as follows:

"The following are the grounds which constitute a basis for the suspension or the revocation of licenses:

(a) When the continuance of a license would be contrary to public welfare or morals; but proceedings under this section upon this ground are not a limitation upon the department's authority to proceed under Article XX, Section 22, of the Constitution.

(b) Except as limited by Chapters 11 and 12 of this division, the violation or the causing or the permitting of a violation by a licensee of this division, any rules of the board adopted pursuant to Part 14 of Division 2 of the Revenue and Taxation Code or any rules of the department adopted pursuant to the provisions of this division, or any other penal provisions of law of this State prohibiting or regulating the sale, exposing for sale, use, possession, giving away, adulteration, dilution, misbranding, or mislabeling of alcoholic beverages or intoxicating liquors."

California Business and Professions Code, section 25601, provides as follows:

"Every licensee, or agent or employee of a licensee, who keeps, permits to be used, or suffers to be used, in conjunction with a licensed premises, any disorderly house or place in which people abide or to which people resort, to the disturbance of the neighborhood, or in which people abide or to which people resort for purposes which are injurious to the public morals, health, convenience, or safety, is guilty of a misdemeanor."

**484**

22, of the California Constitution to review decisions of the Department.

On June 18, 1970, after oral argument, the Appeals Board filed its opinion, wherein it affirmed the Department's decision as to Count I (providing for the revocation of appellant's license), but reversed the decision as to Count II (providing for a 30-day license suspension).

■ Appellant's subsequent petition for a writ of review in the California District Court of Appeal, First Appellate District, was denied. Its petition to the California Supreme Court for a hearing was likewise denied,[2] after which the revocation of appellant's alcoholic beverages license was placed in effect.

One month later, appellant filed its complaint in the United States District Court for the Northern District of California, seeking to have appellees restrained and enjoined from enforcing the revocation of its alcoholic beverages license, because of claimed violations of its rights under the First, Fourth, Fifth and Fourteenth Amendments and under the Civil Rights Act of 1871, presently codified as 42 U.S.C. § 1983.[3] Jurisdiction of the district court was alleged under 28 U.S.C. §§ 1331 and 1343(3).[4]

The federal complaint alleged (1) that the state revocation proceedings originated in a plan, scheme and conspiracy among appellees "to eliminate [appellant's] business because it is frequented by adult male homosexuals and for no other reason"; (2) that the revocation proceedings deprived appellant of due process and equal protection of the laws and chilled the freedom of association of its patrons; and (3) that the state statutory provisions pursuant to which appellant's license was revoked was framed in unconstitutionally vague terms of "public welfare or morals" and "public morals, health, convenience and safety."

The district court, relying upon Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Flynn v. State Board of Chiropractic Examiners, 418 F.2d 668 (9 Cir. 1969), and Wilke & Holzheiser, Inc. v. Reimel, 266 F.Supp. 168 (N.D.Cal.1967), dismissed appellant's complaint on the grounds that "a District Court may not entertain appellate review of a state court judgment, nor hear collateral attack against such a judgment by considering a cause of action for injunctive relief." The district court stated that appellant's remedy under the circumstances was "that of appeal or petition for certiorari in the United States Supreme Court."

The district court's dismissal on the above grounds was predicated upon a determination that "the California Depart-

---

2. Review by California appellate courts is purely discretionary. *See* section 1068, Cal.Code Civ.Pro. It is well established that "a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all." Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1955).

3. 42 U.S.C. § 1983 provides:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

4. 28 U.S.C. § 1331 provides:
"(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."
28 U.S.C. § 1343(3) provides:
"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . . (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; . . . . "

ment of Alcoholic Beverage Control is a state court of limited jurisdiction." The district court made such a determination after examination of relevant California law. Martin v. Alcoholic Beverage Control Appeals Board, 52 Cal.2d 238, 340 P.2d 1 (1959); Covert v. State Board of Equalization, 29 Cal.2d 300, 173 P.2d 545 (1946).

We agree with the district court's conclusion that California law considers the Department of Alcoholic Beverage Control to be a state court of limited jurisdiction, see *Martin, supra; Covert, supra,* and that res judicata principles precluded its entertaining the federal complaint.

Res judicata principles have been consistently applied to preclude parties from relitigating federal constitutional claims in a federal district court subsequent to an adverse determination on the merits [5] of such claims by a state court of competent jurisdiction. The sole recourse for the losing litigant is by appeal or writ of certiorari to the United States Supreme Court.[6]

Further, res judicata principles have been expressly applied to actions brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. P I Enterprises, Inc. v. Cataldo, 457 F.2d 1012 (1 Cir. 1972); Taylor v. New York City Transit Authority, 433 F.2d 665 (2 Cir.) aff'g, 309 F.Supp. 785 (S.D.N.Y.1970); Coogan v. Cincinnati Bar Association, 431 F.2d 1209 (6 Cir. 1970); Brown v. Chastain, 416 F.2d 1012 (5 Cir. 1969); Rhodes v. Meyer, 334 F.2d 709 (8 Cir.),

cert. den. 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964); Goss v. Illinois, 312 F.2d 257 (7 Cir. 1963).

While we recognize that application of res judicata principles to actions brought under section 1983 has been criticized,[7] change, if any, in that area must emanate from the Supreme Court.

Inasmuch as the district court properly concluded that res judicata principles precluded its entertaining the federal complaint, Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) is of no solace to appellant.

Judgment affirmed.

---

5. For res judicata purposes, a judgment "on the merits" has been liberally construed. *See* Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947). In *Angel,* the Court held res judicata principles to preclude a federal district court from entertaining federal constitutional issues which were not, but could have been, submitted to and determined in the state courts.

6. *See Rooker, supra, Flynn, supra,* and *Wilke & Holzheiser, supra. See also,* e. g., Sitton v. United States, 413 F.2d 1386 (5 Cir. 1969); Resolute Insurance Co. v. State of North Carolina, 397 F.2d 586

(4 Cir. 1968); Ash v. Northern Illinois Gas Co., 362 F.2d 148 (7 Cir. 1966); Lavasek v. White, 339 F.2d 861 (10 Cir. 1965) *Cf.* Elliott Adv. Co. v. Metropolitan Dade County, 425 F.2d 1141 (5 Cir. 1970).

7. *See* Preiser v. Rodriguez, 411 U.S. 475 at 499, fn. 14, 93 S.Ct. 1827 at 1841, 36 L.Ed.2d 439 (1973) (Brennan, J., dissenting); Brown v. Chastain *supra,* 416 F.2d at 1020–1021 (Rives, J., dissenting). *See also,* Florida State Board of Dentistry v. Mack, 401 U.S. 960, 961, 91 S.Ct. 971, 28 L.Ed.2d 245 (1971) (White, J., dissenting from denial of cert.).