**John W. and Suzanne RADTKE, dba Harvey's Club, Plaintiffs,**

v.

**The ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD; Baxter Rice, Director of the Department of Alcoholic Beverage Control; the Department of Alcoholic Beverage Control, Defendants.**

No. 80 01229–AAH (MH).

United States District Court,
C. D. California.

May 19, 1980.

Joshua Kaplan, Los Angeles, Cal., for plaintiffs.

George Deukmejian, Atty. Gen. of the State of California, by Deputy Atty. Gen. Martin H. Milas, Los Angeles, Cal., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

The above entitled matter having come on regularly for hearing on March 28, 1980, before the Honorable A. Andrew Hauk, District Judge Presiding, and plaintiffs appearing by their counsel Joshua Kaplan, and defendants appearing by their counsel George Deukmejian, Attorney General of the State of California, by Deputy Attorney General Martin H. Milas, and the court having read all the papers in the action, and the matter having been orally argued, and the court having been fully informed in the premises, the court makes the following:

## FINDINGS OF FACT

1. On or about October 3, 1977, plaintiffs were charged by defendant Department of Alcoholic Beverage Control (Department) in an Accusation with violations of California Business and Professions Code sections 25658 and 25665, and Article XX, section 22, of the California Constitution.

2. Plaintiffs received a complete factual hearing before an administrative law judge of the State Office of Administrative Hearings on June 16, 1978, who sustained all violations charged.

3. On or about July 20, 1978, the Department ordered a fifteen day suspension of plaintiffs liquor license.

4. Plaintiffs did not file an appeal from the Department's decision to the Alcoholic Beverage Control Appeals Board (Appeals Board).

5. Plaintiffs petitioned the Department to make an offer in compromise pursuant to California Business and Professions Code section 23095. The Department denied said petition.

6. Plaintiffs filed an appeal from the Department's decision denying their petition. By decision filed November 19, 1979, the Appeals Board dismissed said appeal for lack of jurisdiction.

7. Plaintiffs filed a petition for writ of review in the Court of Appeal of the State of California which was denied on or about January 18, 1980. Plaintiffs then filed a petition for hearing in the California Supreme Court which was also denied.

## CONCLUSIONS OF LAW

1. Plaintiffs had a full factual hearing before the Department and Appeals Board. Said agencies have quasi-judicial powers under state law.

2. The decisions of the department and the Appeals Board are res judicata; accordingly, this court is without jurisdiction over the subject matter of plaintiffs' complaint. (*Francisco Enterprises, Inc. v. Kirby* (9th Cir. 1973) 482 F.2d 481.)

3. California Business and Professions Code section 23090.5 provides plaintiffs with the right to judicial review.

4. Neither Article III section 3.5 of the California Constitution nor California Business and Professions Code section 23090.5 preclude state courts from determining constitutional issues arising from administrative discipline of plaintiffs liquor license, regardless of whether the Department or the Appeals Board has jurisdiction to determine said issues.

5. The state constitution, statutes and administrative procedures under which plaintiffs' liquor license is suspended do not violate due process of law.

6. Plaintiffs have failed to state a claim for relief cognizable under 42 United States Code, section 1983.

7. Plaintiffs are denied a preliminary injunction and/or permanent injunction, and the complaint is dismissed.