**Larry FRITZ, Beverly Koonce, Ross Stout, Plaintiffs,**

**v.**

**Albin W. NORBLAD, Judge in Marion County Family Court, in his individual and official capacities, Michael Greenfield, Director of Marion County Family Court, in his individual and official capacities, Linda Chandler, Supervisor of Marion County Juvenile Department, in her individual and official capacities, Marion County, a political subdivision, Marion County Employees Association, a labor union, Marty Giovannini, individually and as Assistant Supervisor of the Marion County Juvenile Department and as shop steward for Marion County Employees Association, Larry Oglesby, individually and as business representative of Marion County Employees Association, Defendants.**

**Civ. No. 83–249.**

United States District Court, D. Oregon.

July 14, 1983.

Taisto A. Pesola, Salem, Or., for plaintiffs.

Dave Frohnmayer, Atty. Gen., William F. Hoelscher, Asst. Atty. Gen., John R. McCulloch, Jr., Chief Trial Counsel, Thomas K. Elden, Asst. Atty. Gen., Dept. of Justice, Salem, Or., for defendant Norblad.

Paul J. DeMuniz, Salem, Or., for defendants Greenfield, Chandler, and Marion County.

Charlene Sherwood, Portland, Or., for defendants Marion County Employees Ass'n, Giovannini and Oglesby.

## OPINION AND ORDER

PANNER, District Judge.

Plaintiffs are Larry Fritz, Beverly Koonce, and Ross Stout, former employees of the Marion County Juvenile Department. Each was employed as a Groupworker II at the Mid-Valley Detention Center in Salem, Oregon. Plaintiffs were terminated for allegedly violating a rule against entering the facility's walk-in refrigerator. According to the complaint, plaintiffs Fritz and Stout received six days notice, and plaintiff Koonce one day notice, of Marion County's

intent to dismiss them. All plaintiffs were given an opportunity to respond to the charges against them at a pretermination hearing held on September 20, 1982. On September 21, 1982, Fritz, Koonce, and Stout were terminated. Plaintiffs bring this action under 42 U.S.C. § 1983 alleging all defendants deprived them of property and liberty interests in their jobs without due process of law as guaranteed by the Fourteenth Amendment. Plaintiffs contend the notice and hearing which they were afforded were constitutionally inadequate.

■ Defendants are Judge Albin Norblad, Marion County Family Court; Michael Greenfield, Director of the Marion County Juvenile Department; Marion County; Marion County Employees Association, an independent labor organization and a branch of the Oregon Public Employees Union; Marty Giovannini, shop steward for employees in the Marion County Juvenile Department Bargaining Unit; and Larry Oglesby, business representative of the Marion County Employees Association. Defendants move to dismiss for failure to state a claim, asserting that plaintiffs had no substantial liberty or property interests in their jobs and that plaintiffs received notice and an opportunity to respond to the charges against them sufficient to satisfy due process requirements.

I agree and therefore GRANT the motions to dismiss as to all defendants.

## DISCUSSION

■ Section 1983 prescribes two elements as requisite for recovery: (1) the conduct complained of must have been by some person acting under the color of law; and (2) such conduct must have subjected the complainant to the deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981); *Harris v. City of Roseburg,* 664 F.2d 1121, 1125 (9th Cir.1981). A cause of action under § 1983 extends to deprivations of such privileges and immunities as are secured by

the due process clause of the Fourteenth Amendment. *Hague v. Committee for Industrial Organization,* 307 U.S. 496, 519, 59 S.Ct. 954, 965, 83 L.Ed. 1423 (1939). Specifically, procedural due process imposes constraints on government decisions which deprive individuals of liberty or property rights which are protected by the Constitution. *Matthews v. Eldridge,* 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976); *Dash, Inc. v. Alcoholic Beverage Control Appeals Board,* 683 F.2d 1229, 1233 (9th Cir.1982).

*Property Interests.*

■ A constitutionally protected property right may exist in the expectation of continued employment. To hold a property interest in a job, protected by due process, an employee must have more than an abstract need, desire, or unilateral expectation of continued employment; instead, there must be a legitimate claim of entitlement to it. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Kekai v. Hargrave,* 649 F.2d 748, 751 (9th Cir.1981). Property interests in employment positions are not created by the Constitution, however, but "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law— rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *see also Heath v. Redbud Hospital District,* 620 F.2d 207, 210 (9th Cir.1980). The law establishes a property interest in public employment if it restricts the grounds on which an employee may be discharged—for example, if discharge can only be for "just cause." Then the employee has a right to continued employment until there is just cause to dismiss her. If the government deprives her of this right, it must provide both notice and an opportunity to be heard. *Hayward v. Henderson,* 623 F.2d 596, 597 (9th Cir.1980). Where the entitlement is coupled with a specific process by which it may be termi-

nated, however, adherence to the specified procedures will generally satisfy constitutional due process requirements. *Arnett v. Kennedy,* 416 U.S. 134, 152–55, 94 S.Ct. 1633, 1643–44, 40 L.Ed.2d 15 (1974). On the other hand, the public employee has no legitimate expectation of continued employment, and thus no protected interest under the Fourteenth Amendment, where state law provides that the employee holds the position at the will and pleasure of the employer. *Memphis Light, Gas and Water Division v. Craft,* 436 U.S. 1, 11, 98 S.Ct. 1554, 1561, 56 L.Ed.2d 30 (1978); *Gabe v. County of Clark,* 701 F.2d 102, 103 (9th Cir.1983).

■ Plaintiffs in the case at bar assert that they are entitled to an expectation of continued public employment through two independent sources: (1) that the Marion County Civil Service Act provides job protection to nonprobationary employees; and (2) that the collective bargaining agreement between Marion County and plaintiffs' union representative, Marion County Employees Association, prohibits termination without just cause. Both sources of entitlement demand a single analysis, however, because the collective bargaining agreement itself does not suggest process for termination. Instead it provides that all "disciplinary actions or measures (demotion, reduction in salary, suspension or termination) shall be administered as provided by the provisions of the Marion County Civil Service Laws and Rules." Therefore, the scope of any entitlement granted under the union contract is limited to the process for termination encompassed in it.

Whether plaintiffs held entitlements to continued employment, and the amount of process to which they were due, specifically hinge on whether the positions they occupied are in the "classified" or "unclassified" service. If plaintiffs were classified employees, they were entitled to the full benefit of the Marion County Civil Service Act and Personnel Rules, including specified termination procedures. If plaintiffs were unclassified employees, however, the Act and Rules have only limited applicability,

and plaintiffs were not entitled to any process beyond that which they actually received before dismissal.

The Marion County Civil Service Act defines unclassified service positions as those occupied by "[a]ny officer or reporter subject to appointment by any Court judge." Marion County Civil Service Act § II G(2)(j) (hereinafter cited as "MCCS Act"). Plaintiffs assert that they were not officers or reporters and, by negative implication, therefore, are not unclassified employees. This argument is undercut, however, by close scrutiny of the relevant statutory provisions delineating the relationship between the juvenile court judge and the plaintiffs.

■ Oregon Revised Statutes 419.604(1) provides that the judges of the juvenile court shall appoint counselors of county juvenile departments to serve at the pleasure of the appointing judge. "Counselor" is defined in ORS 419.602(1) as "any probation counselor or officer appointed under ORS 419.602 to 419.616." Further, ORS 419.612 provides that the "personnel of any detention facilities are subject to the control and discretion of the judge of the juvenile court." Since plaintiffs were employed by the Marion County Juvenile Department in a detention facility, they are statutorily defined as counselors and, therefore, serve at the pleasure of the appointing judge. Because plaintiffs were employed at the will and pleasure of the appointing judge, they are not classified employees. MCCS Act § II G(2)(j).

This construction that plaintiffs were unclassified employees in the Marion County Civil Service scheme is in accord with the Civil Service Commission's finding that plaintiff "Fritz is an employee in the unclassified service by reason of the fact that he was appointed as an officer of the Court by Judge Norblad." *In Re Larry H. Fritz,* Order Denying Appeal, Marion County Civil Service Commission, December 23, 1982.

Plaintiffs argue that even if employment as a Groupworker II is unclassified service, ORS 241.025 nonetheless requires the position to be included in the civil service sys-

tem. In fact, there has been no contention that the position is not part of the system. The Marion County Civil Service Act provides for promulgation of rules and regulations to implement the Act. MCCS Act § 1. Pursuant to this, Marion County Personnel Rules were enacted. Marion County Personnel Rules art. 1, § 1.1 (hereinafter cited as "MCPR"). These Personnel Rules divide all civil service into two broad categories: classified and unclassified service. MCPR art. 1, § 1.2. *All* service is encompassed by the Rules, but sections relating to Appointments (MCPR art. 4), Merit Ratings (MCPR art. 5), and Conduct, Discipline, Appeals, Resignation, and Layoff (MCPR art. 6) do not apply to unclassified employees. MCPR art. 1, § 1.2.3. Process for termination is provided only in Article 6.

Article 6 makes it even clearer that unclassified positions are excluded from its provisions, stating that an appointing power may dismiss for cause any *regular* employee under its jurisdiction. MCPR art. 6, § 6.5.5. A "regular employee" is defined as "an employee *in the classified service* who has successfully completed the required probationary period." MCPR art. 1, § 1.5(46) (emphasis added). The Rules require that before a regular employee can be dismissed the employee be given written notice that termination is being considered as a possible sanction to the cause for discipline. This notice must be given at least ten days prior to the effective date of the dismissal in order to allow the employee to respond to statements in the notice. As the Rules make apparent, however, no such process is due unclassified employees.

As unclassified employees, plaintiffs were not entitled to expect continued employment with Marion County. Further, whatever entitlement was created by the collective bargaining agreement provision of just cause discharge was limited in its scope by the procedures for termination specified in the Marion County Civil Service Act and Personnel Rules. Plaintiffs, employed in unclassified service, did not qualify for the Act's termination process; and therefore, the notice and opportunity to respond which they undisputedly received satisfy Fourteenth Amendment requirements of due process.

*Liberty Interests.*

Plaintiffs urge that termination of their public employment with Marion County deprived them of liberty without due process of law.

In *Bishop v. Wood,* 426 U.S. 341, 349, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976), the Supreme Court stated that the stigma of being fired, alone, even for false reasons, does not create a liberty interest. Elaborating on this, the Ninth Circuit has recently held that a liberty interest in future employment is abridged only where a public employee's termination creates such stigma as to foreclose his freedom to take advantage of other employment opportunities. *Debose v. United States Department of Agriculture,* 700 F.2d 1262 at 1263, 1266 (9th Cir.1983). However, when the state makes a charge against a public employee that might seriously damage one's standing and associations in the community, a liberty interest may be implicated, and the employee is entitled to some notice and opportunity to be heard. *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972); *Vanelli v. Reynolds School District No. 7,* 667 F.2d 773, 777 (9th Cir.1982); *Bollow v. Federal Reserve Bank of San Francisco,* 650 F.2d 1093, 1101 (9th Cir.1981), *cert. denied,* 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982). Likewise, a liberty interest may be implicated where there is a public charge of dishonesty or immorality. *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). There is no stigma, however, when there is no public disclosure of the reason for discharge. *Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976); *Debose,* 700 F.2d at 1263, 1266 (9th Cir.1983). Nor are inferences which may be drawn from the dismissal itself sufficient to implicate a liberty interest. *Bollow,* 650 F.2d 1093, 1101 (9th Cir.1981), *cert. denied,* 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982).

Plaintiffs have made no allegations of stigma in their complaint. Even assuming, however, that dismissal for violating a prohibition against entering a walk-in refrigerator would damage their standing in the community and hinder their search for future employment, plaintiffs were given notice of the charge against them and an opportunity to rebut it. This is all that due process requires in these circumstances. *Vanelli,* 667 F.2d 773, 779–80 (9th Cir.1982).

Plaintiffs have not shown deprivation of constitutionally protected property or liberty interests sufficient to support a cause of action under 42 U.S.C. § 1983. I therefore must GRANT defendants' motion to dismiss

IT IS SO ORDERED.