[Civ. No. 13484. First Dist., Div. Two. Mar. 8, 1948.]

LEON N. LEBOIRE et al., Respondents, v. DAVID BLACK et al., Appellants.

Sherman & Peters for Appellants.

Jerome L. Schiller for Respondents.

DOOLING, J.—Plaintiffs, who are licensed real estate brokers, secured the signature of one Morrow to a uniform agreement of sale whereby Morrow offered to purchase for a total price of $45,000 of which $12,000 was to be paid in cash

"The Almardel (sic) Hotel, swimming pools, complete equipment, including nine acres, and liquor license . . .

"Subject to seller obtaining a liquor license for buyer."

This agreement was presented to defendant David Black by plaintiff Leboire for signature. Black signed an approval of the sale and an agreement to pay a $2,500 commission to plaintiffs but before doing so added the following language to the agreement:

"The Club Almaden and equipment except personal belongings, and including about 8 acres of land. Also the rights in the liquor license renewal when obtained by us."

Over the word "Almardel" in the document as signed by Morrow was written the word "Almaden" and opposite the words "nine acres" was written the figure in parentheses "(8)."

A copy of the altered agreement was given to Morrow by the plaintiff Shaffer but he did not again sign it. Thereafter Morrow executed an assignment of his agreement with David Black for the purchase of this property to one McGoldrick. McGoldrick deposited this assignment and $14,000 in escrow with a title insurance company in San Francisco with a copy of Morrow's agreement with Black. No instructions were given the title company by McGoldrick and he later withdrew his money from the title company. Shortly thereafter Mc-

Goldrick purchased the same property from defendants for $42,500 the escrow being handled by a San Jose title company.

The plaintiffs had judgment for their commission of $2,500 and defendants appeal.

Plaintiffs rely on the settled rule that when a binding contract is procured between a seller and buyer by a broker his right to the commission agreed upon is complete. (4 Cal. Jur. 582; *Grove* v. *Lewis,* 125 Cal.App. 357 [13 P.2d 847]; *Wood & Tatum Co.* v. *Basler,* 37 Cal.App. 381 [173 P. 1109].)

Appellants reply that the contract was modified in material particulars by David Black before he signed it, and that this was in fact not an acceptance but a counteroffer, that this counteroffer was never accepted by Morrow and hence no binding contract arose.

As we view the case we need not decide this question for the reason that even if the alterations made by Black in the contract were material alterations Morrow must be held to have bound himself to them by subsequent ratification. His assignment to McGoldrick of "All his right, title and interest in and to that certain Uniform Agreement . . . between the undersigned, Barney Morrow, and David Black" was a recognition in writing of the validity of the contract as altered. This amounted to a ratification by Morrow of the altered agreement (*Houk* v. *Williams Bros., Ltd.,* 58 Cal.App.2d 573, 578-579 [137 P.2d 737]; *American Trust Co.* v. *Greuner,* 13 Cal. App.2d 279, 283 [56 P.2d 967]) and thereby bound him to its terms.

We are satisfied that the agreement with regard to transfer of a liquor license should be construed in connection with section 7 of the Alcoholic Beverage Control Act, Statutes 1935, page 1123; 2 Deering's General Laws, 1944, Act 3796, as intended to be subject to the approval of the Board of Equalization as therein provided. So construed the agreement is a legal one.

Judgment affirmed.

Nourse, P. J., and Goodell, J, concurred.