[Civ. No. 4338.    Fourth Dist.    Sept. 17, 1951.]

MARIE ETCHART, Respondent, v. A. B. PYLES, Appellant.

J. O. Reavis and Gordon A. Drescher for Appellant.

West, Vizzard, Howden & Baker and James Vizzard for Respondent.

MUSSELL, J.—Defendant appeals from a judgment requiring him to make application to the California State Board of Equalization for the transfer to plaintiff of an on-sale liquor license. On December 28, 1943, plaintiff leased a place of business known as the "Tivoli Café," near Bakersfield, to defendant for a period of three years at a monthly rental of $75. The lease, which was in writing, provided, among other things, that the liquor license then held by the lessor should be transferred to the defendant; that upon the expiration of the lease, or any sooner "determination" thereof, defendant would transfer said liquor license back to lessor or her order and that during the term of the lease the license should be transferred to no other person. Plaintiff presented an application to the Board of Equalization for the transfer of the license to the defendant and the board caused it to be transferred to him. Defendant then took possession of the café and operated it until July, 1949, when he abandoned the premises.

At the time of the transfer, defendant gave plaintiff a check for $325 to guarantee that "he would renew the license before it was too late." The license renewal fee of $325 was procured by defendant and plaintiff returned the check to him. No cash consideration was paid by defendant for the transfer

of the license in question. After defendant abandoned the premises in 1949 he refused to make application for the transfer of the liquor license back to plaintiff. The instant action was then filed, in which plaintiff asked for damages, injunctive relief and specific performance of the lease agreement.

The trial court found that it was difficult to ascertain the amount of damage and that the facts justified a decree of specific performance. The decree ordered defendant to make application to the California State Board of Equalization for the transfer to plaintiff by defendant of the liquor license and provided that in the event the board failed to approve and carry out the said transfer, the liquor license should revert to the defendant as his sole and individual property and without further prejudice under and by reason of the decree.

Appellant first argues that the provision in the lease for the transfer of the liquor license back to the lessor is illegal and void; that the liquor license confers only a personal privilege and not a property right and that no legal agreement can be entered into to transfer a liquor license as a chose in action or as personal property. These contentions are without merit.

■ The Alcoholic Beverage Control Act [Stats. 1935, p. 1123; 2 Deering's Gen. Laws, Act 3796], provides, among other matters that ''Each license issued under this act is separate and distinct and shall be transferable from one person to another upon approval of the board . . .'' Section 21.1 provides for investigation of the proposed transferee. There is nothing in the statute which suggests that an agreement such as is contained in the lease before us is void or contrary to public policy, provided, of course, that such transfer is made in the method prescribed by the statute and subject to approval of the board.

■ As was said by Mr. Justice Shenk in *Roehm* v. *County of Orange*, 32 Cal.2d 280, 291 [196 P.2d 550] : ''. . . a liquor license issued pursuant to the Alcoholic Beverage Control Act is a valuable property right, owned privately as property is owned although subject to appropriate regulatory provisions in the exercise of the police power, is transferable for a cash consideration and therefore has an ascertainable valuation, . . .''

In *Leboire* v. *Black*, 84 Cal.App.2d 260, 262 [190 P.2d 634], a real estate broker procured a binding contract between the seller and the buyer ''subject to seller obtaining a liquor li-

cense for buyer'' in connection with the sale of a hotel. The court there said:

''We are satisfied that the agreement with regard to the transfer of a liquor license should be construed in connection with section 7 of the Alcoholic Beverage Control Act, Statutes 1935, p. 1123; 2 Deering's General Laws, 1944, Act 3796, as intended to be subject to the approval of the Board of Equalization as therein provided. So construed the agreement is a legal one.''

In *Fong* v. *Rossi*, 87 Cal.App.2d 20 [195 P.2d 854], a lease contained the following provisions:

''No liquor license now used in connection with the operation of the business upon said premises shall be transferred to any other location, and then at the end of the term of this lease, or the sooner termination thereof, the lessee agrees promptly to have said, or any renewed liquor licenses aforesaid, retransferred to the lessor, his heirs, executors, administrators or assigns.''

The court there said, at page 22:

''Appellants argue that these provisions of the lease contain no promise to transfer the liquor licenses. We are satisfied that while no express promise to transfer the licenses is contained therein the plain tenor of the whole agreement is that the liquor licenses are to be transferred. It is agreed that the 'principal income . . . will be obtained . . . under the liquor licenses now possessed by the lessor . . .' Unless the transfer of the licenses was intended by the parties this agreement would be illegal. (*Teachout* v. *Bogy,* 175 Cal. 481 [166 P. 319].) Under section 7 of the Alcoholic Beverage Control Act (Stats. 1935, p. 1123; 2 Deering's Gen. Laws, 1944, Act 3796) a liquor license may be transferred with the approval of the Board of Equalization. Since a contract must be construed so as to give it a legal effect if possible (Civ. Code, § 1643) this lease must be construed to provide for the transfer of the licenses in the manner authorized by law. (*Leboire* v. *Black,* 84 Cal.App.2d 260, 262 [190 P.2d 634].)''

As was said in *Saso* v. *Furtado,* 104 Cal.App.2d 759, 768 [232 P.2d 583], in considering an agreement similar to that before us:

''As the agreement to retransfer as between the parties is not prohibited by the act, and as such agreements must be viewed in the light of the act which makes the transfer of all licenses subject to the discretion of the board, there is nothing

illegal in such an agreement, nor is it in any way contrary to public policy.''

Defendant directs our attention to section 7.3 of the Alcoholic Beverage Control Act (added by Stats. 1949, ch. 1348) which provides that no licensee shall enter into any agreement where he pledges a transfer of his license as security for a loan, or as security for the fulfillment of any agreement. This section did not become effective until October 1, 1949. It is not retroactive (*Campbell* v. *Bauer*, 104 Cal.App. 2d 740, 743 [232 P.2d 590]) and is not applicable here. It is argued that the failure of plaintiff to inform the board of the existence of the agreement at the time of application for a transfer amounted to a fraud both on the officers of the board and the public. We find no provision in the Beverage Control Act requiring plaintiff to inform the board of the existence of the provision of the lease involved. There is no indication in the record that plaintiff withheld information requested by the board and no evidence which would support a finding of fraud.

The trial court found that plaintiff received no consideration for the transfer of the license other than the covenants and conditions to be performed by defendant under the lease and his agreement to transfer the license to plaintiff without consideration at its termination. This finding is supported by the evidence.

Defendant argues that the judgment ordering specific performance is improper in that the court could not make a single effective decree and could not enforce it when made where the consent of a third party was necessary to the carrying out of the decree. As noted, the decree ordered defendant to make application to the board for a transfer of the license and does not purport to control or direct the action of the state officers. Under the rule that equity regards as done that which ought to have been done, the court properly ordered the defendant to comply with the terms of his agreement. (*Campbell* v. *Bauer, supra,* p. 744.)

Defendant's contentions that plaintiff is estopped to assert any claim to the license in question and has not come into a court of equity with clean hands are apparently based on the theory that plaintiff wilfully concealed her interest in the license and affirmatively claimed that she retained no interest in it when the transfer was made to defendant. There is no evidence in the record of such claimed wilful concealment, and while plaintiff made application ''to surrender all

her interest in the license," she had no interest in the operation of the business under lease and received no profits from the license. Under these circumstances the contentions of defendant cannot be sustained.

Judgment affirmed.

Griffin, Acting P. J., concurred.