683 F.2d 1229
 DASH, INC., dba The Arches, Plaintiff-Appellant,
v.
The ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD; Baxter Rice,
Director of the Department of Alcoholic Beverage
Control; The Department of Alcoholic
Beverage Control, Defendants
and Appellees.
Elmer O. LOCKER, Jr., and Joyce M. Locker, Plaintiffs and Appellants,
v.
ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD; Baxter Rice,
Director of the Alcoholic Beverage Control; The
Department of Alcoholic Beverage
Control, Defendants and Appellees.
Elmer O. LOCKER, Jr., and William Coleman, Plaintiffs and Appellants,
v.
ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD; Baxter Rice,
Director of the Alcoholic Beverage Control; The
Department of Alcoholic Beverage
Control, Defendants and Appellees.
 Nos. 80-5740, 80-5267 and 80-5268.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 10, 1981.
Decided Aug. 10, 1982.
 
 Ralph B. Saltsman, Stephen Warren Solomon, Inc., Marina del Rey, Cal., Joshua Kaplan, Kaplan & Novodor, Beverly Hills, Cal., for plaintiff-appellant.
 Scott D. Rasmussen, Deputy Atty. Gen., Richard M. Radosh, Los Angeles, Cal., for defendants and appellees.
 On Appeal from the United States District Court for the Central District of California.
 Before BROWNING and ANDERSON, Circuit Judges, and BILBY, District Judge*.
 J. BLAINE ANDERSON, Circuit Judge:
 
 I. BACKGROUND
 
 1
 Dash, Inc., the Lockers, and Mr. Coleman ("Appellants") filed actions in federal district court under 42 U.S.C. § 1983 against the Department of Alcoholic Beverage Control ("Department"), its director, and the Alcoholic Beverage Control Appeals Board ("ABC Appeals Board"), requesting declaratory and injunctive relief prohibiting the Department from enforcing Department Rules 143.2 and 143.3[1] and the statutory enabling authority for those rules, Cal.Bus. & Prof.Code § 24200.[2]
 
 
 2
 Appellants are owners of businesses considered by California state law to be restricted entry premises licensed to dispense alcoholic beverages by appellee Department. The establishments under appellants' control provided entertainment in the form of nude dancing by female entertainers. Because Department Rule No. 143.3 prohibits such nude entertainment, license revocation proceedings were initiated against appellants. Following hearings, the Department found that appellants had violated Rule 143.3 and ordered appellants' licenses revoked. Appellants appealed to the ABC Appeals Board which affirmed the Department. Petitions for writs of review filed with the courts of appeal and the California Supreme Court were summarily denied. Appellants then commenced the instant federal litigation.
 
 
 3
 Appellants do not seek to relitigate the substantive constitutionality of Rule 143.3;[3] they do contend that the current California procedure for revoking liquor licenses denies licensees the procedural due process guarantees of the Fourteenth Amendment. Appellants argue that the process provides no meaningful opportunity to present constitutional defenses to license revocations. Appellants also contend that California Constitution article 3, § 3.5 violates the Supremacy Clause; that Rule 143.3 is overbroad; that the Department abused its discretion in ordering the revocations; and that the ABC Appeals Board was not competent to review appellants' appeals. The district courts below denied declaratory and injunctive relief. We affirm.
 
 II. DISCUSSION
 A. Res Judicata
 
 4
 We first address appellees' argument, based upon the doctrine of res judicata, that the revocation orders followed by the appellate court summary denials of appellants' petitions for review preclude the instant action. The district court, in No. 80-5740, expressly rejected appellees' argument,[4] while the district court, in Nos. 80-5267 and 80-5268, denied relief on other grounds without reaching the res judicata issue.[5]
 
 
 5
 The federal courts have traditionally adhered to res judicata principles. Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Furthermore, this court has applied the doctrine to bar claims brought in federal district court under 42 U.S.C. § 1983 alleging constitutional violations related to liquor license revocation proceedings where such claims were rejected by the Department. Francisco Enterprises, Inc. v. Kirby, 482 F.2d 481, cert. denied, 415 U.S. 916, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974) (9th Cir. 1973).[6] Res judicata principles do not apply, however, "when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim or issue." Kremer v. Chemical Const. Corp., --- U.S. ----, 102 S.Ct. 1883, 1897, 72 L.Ed.2d 262 (1982); Allen v. McCurry, 449 U.S. at 95, 101 S.Ct. at 415. Appellants here argue that they were denied a full and fair opportunity to present constitutional defenses during their state revocation proceedings. Thus, for our purposes here, the res judicata analysis merges with our analysis of appellants' procedural due process claims. Since we find, reaching the merits, that the California liquor license revocation procedures, as evidenced by the records in these cases, sufficiently provided appellants with the minimum guarantees of due process required under the Fourteenth Amendment, we need not reach appellees' res judicata arguments as to the procedural due process issue.[7]
 
 B. Due Process
 
 6
 Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment. Mathews v. Eldridge, 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976). Under California law, a liquor license issued pursuant to the Alcoholic Beverage Control Act is a valuable property right. Etchart v. Pyles, 106 Cal.App.2d 549, 235 P.2d 427, 429 (1951). Thus, some form of hearing is required before liquor licensees may be deprived of their property interest in a liquor license. However, due process is flexible and "calls for such procedural protections as the particular situation demands," Mathews, 424 U.S. at 334, 96 S.Ct. at 902; United States v. One 1971 BMW 4-Door Sedan, 652 F.2d 817 (9th Cir. 1981); and "no single model of procedural fairness, let alone a particular form of procedure, is dictated by the Due Process Clause." Kremer, 102 S.Ct. at 1898.
 
 
 7
 Under California law, Department licensees accused of violating statutes or regulations are afforded hearings under the California Administrative Procedures Act (APA). Cal. Gov't Code § 11500 et seq.[8] Licensees may appeal Department determinations to the ABC Appeals Board. Cal.Bus. & Prof.Code §§ 23081-23087. Further review is available by petitions for writs of review to the appropriate California court of appeal and the California Supreme Court. Cal.Bus. & Prof.Code § 23090.
 
 
 8
 At issue here is the impact upon the above procedural process of the 1967 amendment to the Bus. & Prof.Code embodied in section 23090.5,[9] restricting review of Department determinations to petitions for writ of review with the California appellate courts, together with the 1978 amendment to article III, § 3.5 of the California Constitution[10] which prohibits administrative bodies from declaring statutes unconstitutional or refusing enforcement of statutes on the basis of claims that such statutes are unconstitutional. Appellants contend that these two enactments, working in combination, deny licensees due process of law by forcing licensees to submit to revocations by an administrative body which may not act on constitutional defenses, while review of such decisions is limited to a discretionary petition for writ of review before the appellate courts. We disagree.
 
 
 9
 Appellants' arguments exaggerate the impact of the two sections. Article 3, § 3.5 merely "places restraints on administrative agencies relative to their refusal to enforce statutes on constitutional grounds; it does not affect their enforcement of their own rules or their competence to examine evidence before them in light of constitutional standards." Capitol Industries-EMI v. Bennett, --- F.2d ----, at n.28, Nos. 80-4113 and 80-4114, slip op. at 843, n.28 (9th Cir., February 16, 1982) (amended July 22, 1982, slip op. at 3306), cert. denied, --- U.S. ----, 102 S.Ct. 1438, 71 L.Ed.2d 655 (1982) (quoting Goldin v. Public Utilities Commission, 23 Cal.3d 638, 688, 153 Cal.Rptr. 802, n.18, 592 P.2d 289, 309 n.18 (1979)). Moreover, section 3.5 does not affect the powers of the California courts to consider constitutional claims. Id. slip op. at 843, n.27, at ----, n.27.
 
 
 10
 Despite the 1967 amendment to Cal.Bus. & Prof.Code § 23090.5, the appellate courts retain jurisdiction to determine whether the Department "has proceeded without or in excess of its jurisdiction," or "has proceeded in the manner required by law." Bus. & Prof.Code §§ 23090.2(a) and (b).[11] As mentioned, section 3.5 also has not affected these powers. In addition, the appellate courts, by virtue of their inherent powers to declare statutes unconstitutional, Marbury v. Madison, 5 U.S. 137, 2 L.Ed. 60 (1803); Byers v. Board of Supervisors, 262 Cal.App.2d 148, 157-58, 68 Cal.Rptr. 549 (1968), may do so based upon arguments raised in petitions for writs of review of a Department determination. Those courts may therefore reach constitutional issues raised by petitions seeking review of Department determinations.
 
 
 11
 During their administrative hearings, appellants were given the opportunity to present evidence relevant to all defenses raised, including their constitutional defenses.[12] The ABC Appeals Board disposed of all of Dash's constitutional arguments and all but one of Lockers'.[13]
 
 
 12
 On petition for writ of review, appellants raised the constitutional contention raised here and below that the revocation procedures denied them procedural due process protection.[14] Contrary to appellants' contentions, petitions for writ of review of an administrative determination constitute review as of right,[15] and even a summary denial of such a petition represents a judgment on the merits for res judicata purposes in California state courts.[16] Consumers Lobby, etc. v. Public Utilities Com'n, 25 Cal.3d 891, 160 Cal.Rptr. 124, 603 P.2d 41 (1980).
 
 
 13
 By virtue of the above-described process, appellants' constitutional claims were presented, considered and disposed of. The Department, through administrative hearings, was competent "to examine evidence before (it) in light of constitutional grounds," Capitol Industries-EMI, slip op. at 843, n.28, at ---- n.28, and challenges to the Department's rules on constitutional grounds is not affected by section 3.5. Id.; Goldin, supra. As for constitutional challenges to California statutes, the Department may continue to receive evidence in light of such challenges and the California courts of appeal and California Supreme Court remain competent to review such challenges upon petitions for writ of review despite article III, section 3.5 of the California Constitution. We are therefore persuaded that the process received by these appellants, including the aforesaid avenues for raising and adjudicating constitutional defenses to liquor license revocations and an opportunity for review, satisfied the minimum procedural requirements of the Fourteenth Amendment Due Process Clause.
 
 We accordingly AFFIRM in both cases.[17]
 
 
 *
 The Honorable Richard M. Bilby, United States District Judge for the District of Arizona, sitting by designation
 
 
 [1]
 Rule 143.2 of Title IV of the California Administrative Code provides in pertinent part:
 "Attire and Conduct. The following acts or conduct on licensed premises are deemed contrary to public welfare and morals, and therefore no on-sale license shall be held at any premises where such conduct or acts are permitted:
 (1) To employ or use any person in the sale or service of alcoholic beverages in or upon the licensed premises while such person is unclothed or in such attire, costume or clothing as to expose to view any portion of the female breast below the top of the areola or of any portion of the pubic hair, anus, cleft of the buttocks, vulva or genitals.
 (2) To employ or use the services of any hostess or other person to mingle with the patrons while such hostess or other person is unclothed or in such attire, costume or clothing as described in paragraph (1) above..."
 Rule 143.3 provides in pertinent part:
 "Entertainers and Conduct. Acts or conduct on licensed premises in violation of this rule are deemed contrary to public welfare and morals, and therefore no on-sale license shall be held at any premises where such conduct or acts are permitted.
 "Live entertainment is permitted on any licensed premises except that:
 (1) No licensee shall permit any person to perform acts of or acts which simulate:
 "(c) The displaying of the pubic hair, anus, vulva or genitals.
 (2) Subject to the provisions of subdivision (1) hereof, entertainers whose breasts and/or buttocks are exposed to view shall perform only upon a stage at least 18 inches above the immediate floor level and removed at least six feet from the nearest patron."
 
 
 [2]
 Section 24200 of the California Business and Professional Code, in relevant part, provides:
 "The following are the grounds which constitute a basis for the suspension of the revocation of licenses:
 (a) When the continuance of the license would be contrary to public welfare or morals; but proceedings under this section upon this ground are not a limitation upon the Department's authority to proceed under Article XX, Section 22, of the Constitution.
 (b) ... (T)he violation or the causing or the permitting of a violation by a licensee of this division, any rules of the board... or any rules of the department... or any other penal provisions of law of this state prohibiting or regulating the sale, exposing for sale, use, possession, giving away, adulteration, dilution, misbranding, or mislabeling of alcoholic beverages or intoxicating liquors."
 
 
 [3]
 Constitutional challenges to Rules 143.2 and 143.3 based upon First Amendment arguments have been rejected. See California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); Richter v. Dep't. of Alcoholic Control, 559 F.2d 1168 (9th Cir. 1977), cert. denied, 434 U.S. 1046, 98 S.Ct. 891, 54 L.Ed.2d 797 (1978). Appellant Dash's arguments before this court that Rule 143.3 is overbroad in that it makes no distinction between "public" or "private" licensed premises fails under the weight of the above cases. The district court agreed inasmuch as it held that the two cases above caused Dash to fail to establish a minimal likelihood of success on the merits of his overbreadth and vagueness claims. See Memorandum of Decision filed September 4, 1980, at 5; C.R. at tab 20. See also n. 17, infra
 
 
 [4]
 The district court in Dash held that "a reading of § 3.5 shows that the Department and the Board are precluded from reviewing constitutional issues. Therefore, it would appear that the Department no longer functions as a quasi-judicial body, and that its decisions accordingly are not res judicata." See Memorandum of Decision filed September 4, 1980, at 4; C.R. at tab 20
 
 
 [5]
 The district court in Locker held that the appellate courts in California have the inherent power to rule on the constitutionality of state statutes; that appellants were thus provided with an opportunity for review of their constitutional defenses; and that since the appellants had not included their substantive constitutional defenses in their petitions for writ of review before the appellate courts, that the courts were not provided with an opportunity to rule upon the defenses. See Findings of Fact and Conclusions of Law filed March 27, 1980; C.R. at tab 15
 
 
 [6]
 In Francisco Enterprises, this court held that res judicata barred the appellants' § 1983 claims by agreeing with the district court's determination that the Department was a state court of limited jurisdiction under California law empowered to render judicial determinations barring the relitigation of claims passed upon by the Department
 "Res judicata principles have been consistently applied to preclude parties from relitigating federal constitutional claims in a federal district court subsequent to an adverse determination on the merits of such claims by a state court of competent jurisdiction. The sole recourse for the losing litigant is by appeal or writ of certiorari to the United States Supreme Court."
 482 F.2d at 485. In addressing the phrase "on the merits," this court noted that "(f)or res judicata purposes, a judgment 'on the merits' has been liberally construed. See Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947)." Francisco Enterprises, 482 F.2d at 485, n. 6.
 
 
 [7]
 For the same reason, we need not consider the effect on the procedural due process issue of 28 U.S.C. § 1738 in light of the California Supreme Court's decision in Consumers Lobby, etc. v. Public Util. Com'n, 25 Cal.3d 891, 160 Cal.Rptr. 124, 603 P.2d 41 (1980), that a summary denial of a petition for writ of review is a decision on the merits for res judicata purposes in state court. Although "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so," Kremer v. Chemical Const. Corp., --- U.S. ----, 102 S.Ct. 1883, 1898, 72 L.Ed.2d 262 (1982), the state must, however, satisfy the applicable requirements of the Due Process Clause. Id. We do acknowledge, however, the preclusive effect of 28 U.S.C. § 1738 on all other issues raised by appellants. See n. 17, infra
 
 
 [8]
 At those hearings, appellants were provided with the right to discover evidence, the right to present and examine witnesses, and the right to cross-examine Department witnesses. Cal.Gov't Code § 11513
 
 
 [9]
 Section 23090.5 of the California Business and Professional Code provides:
 "No court of this state, except the Supreme Court and the courts of appeal to the extent specified in this article, shall have jurisdiction to review, affirm, reverse, correct, or annul any order, rule, or decision of the department or to suspend, stay, or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the department in the performance of its duties, but a writ of mandate shall lie from the Supreme Court or the courts of appeal in any proper case."
 
 
 [10]
 Section 3.5 provides:
 "An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power: (a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional; (b) To declare a statute unconstitutional; (c) To declare a statute unenforceable or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations."
 Cal.Const. Art. III § 3.5.
 
 
 [11]
 With respect to subsection (b), the California Supreme Court has remarked:
 "It is... manifest that a governmental entity cannot be deemed to have so proceeded when it fails to act in a manner which is designed to accomplish the purposes for which it was created or which otherwise denies due process of law to those affected by its decisions."
 Walsh v. Kirby, 13 Cal.3d 95, 118 Cal.Rptr. 1, 529 P.2d 33 (1974).
 
 
 [12]
 Appellant Dash concedes that the Department continues to receive evidence even on constitutional questions, but maintains, with an expansive reading of section 3.5, that acceptance of such evidence is futile. Appellant Locker likewise admits that the Department received such evidence during his proceedings, but argues that the evidence was received prior to the effective date of article III, section 3.5, and that such evidence today would be subject to exclusion for lack of relevance
 Dash's arguments are disposed of by this opinion; judicial interpretations of section 3.5 restrict it to a much narrower focus. As for Locker's relevance arguments, we can only note that no evidence was excluded in Locker's proceedings for irrelevance because the evidence was relevant only to a constitutional defense. We make no judgment as to the effect that such hypothetical exclusions would have on a determination of whether such proceedings would comport with the guarantees of procedural due process.
 
 
 [13]
 The ABC Appeals Board noted: "Appellants' (Locker's) contention Business and Professional Code section 24200 is unconstitutional cannot be considered by this board (see California Constitution, Article III, section 3.5)." Decision of Alcoholic Beverage Control Appeals Board, October 29, 1979. Such a contention could have been raised before the appellate courts. See n. 14, infra
 
 
 [14]
 Appellants failed to raise their substantive constitutional arguments regarding section 24200 and Rule 143 in their petitions for writs of review before the California appellate courts. The district court in Locker found this waiver of sorts to be dispositive. See n.5, supra. We attach less significance to appellants' failure to preserve their substantive constitutional arguments before the state appellate courts since the procedural due process arguments were raised indicating appellants' apparent understanding and intention that the appellate courts could address constitutional arguments. That the appellate courts are fully competent to review such arguments is a factor aiding our decision that appellants were accorded with the process due under the Fourteenth Amendment Due Process Clause
 
 
 [15]
 In Consumers Lobby, etc. v. Public Util. Com'n, 25 Cal.3d 891, 160 Cal.Rptr. 124, 129, 603 P.2d 41, 46 (1980), the California Supreme Court noted that although a petition for writ of review was the only appeal right granted to a petitioner from a decision of the California Public Utilities Commission, "(i)f our ruling on such petition were not a final 'decision on the merits both as to law and facts presented,' the parties would be denied their right to such review." Id. Likewise, a writ of review is the only direct appeal right available to a liquor licensee from an adverse determination made by the Department in a license revocation proceeding. See California Bus. & Prof.Code § 23090.5
 
 
 [16]
 The court further held:
 "Because it must therefore be deemed a decision on the merits, our denial of such a petition raises the bar of res judicata against relitigation of the same cause of action between the same parties or their privies."
 Consumers Lobby, 160 Cal.Rptr. at 129, 603 P.2d at 46.
 
 
 [17]
 Appellants' other arguments raised on this appeal were rejected by the Department, the ABC Appeals Board and the California appellate courts. We find in this opinion that the process given to appellants by these tribunals comports with the procedural due process guarantees of the Fourteenth Amendment. The state appellate court dispositions are therefore binding upon the federal courts by virtue of 28 U.S.C. § 1738. See Consumers Lobby, etc. v. Public Util. Com'n, 25 Cal.3d 891, 160 Cal.Rptr. 124, 132, 603 P.2d 41, 49 (1980) (summary denials by California Supreme Court of petition for writ of review is a decision on the merits for res judicata purposes), and Kremer v. Chemical Const. Corp., --- U.S. ----, 102 S.Ct. 1883, 1898, 72 L.Ed.2d 262 (1982) (28 U.S.C. § 1738, requires all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so)